**Opinion filed June 30, 2016**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-15-00047-CR & 11-15-00048-CR

_____

## JACOB NICHOLAS HUDSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause Nos. CR32487 & CR42956**

## M E M O R A N D U M   O P I N I O N

Jacob Nicholas Hudson pleaded guilty to two counts of the second-degree felony offense of aggravated assault with a deadly weapon.[1]  *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).  The trial court deferred the adjudication of his guilt on both offenses and placed him on community supervision for eight years for each

---

[1]Cause No. 11-15-00047-CR.

offense.  Later, Appellant pleaded guilty to another offense, a third-degree felony of injury to a child.[2]  *See id.* § 22.04(a)(3), (f) (West Supp. 2015).  The trial court deferred the adjudication of his guilt for the injury-to-a-child offense and placed him on community supervision for five years.  The trial court also extended Appellant's community supervision by two years on the aggravated assault offenses.

Eventually, the State moved to revoke Appellant's community supervision in each case.  After a hearing, the trial court revoked Appellant's community supervision in each case and adjudicated him guilty of all three offenses.  The trial court assessed punishment at confinement for eight years for each aggravated assault offense and at confinement for five years for the offense of injury to a child.  The trial court then sentenced Appellant accordingly.  In two separate appeals, Appellant contends that he received ineffective assistance of counsel at the hearing on the State's motions to revoke Appellant's community supervision and to adjudicate his guilt.  We affirm.

## I. *Evidence at Hearing*

In the State's motions to revoke Appellant's community supervision and to adjudicate his guilt, it alleged that Appellant had engaged in "injurious or vicious habits," namely the use of amphetamine and methamphetamine.  The State, in its motion in Cause No. 11-15-00048-CR, also asserted that Appellant had violated his community supervision when he failed to report to his community supervision officer on eight separate occasions.

At the hearing, Appellant entered a plea of "true" to the allegations that he had failed to report to his community supervision officer, but he pleaded "not true" to the allegations regarding his use of amphetamine and methamphetamine.  The

---

[2]Cause No. 11-15-00048-CR.

2

State introduced a voluntary admission form signed by Appellant in which he "voluntarily admit[ted] that [he] used and consumed [amphetamine and methamphetamine] in violation of the terms and conditions of [his] community supervision." Appellant admitted that he signed the admission form, but he claimed that he only did so because he had prescriptions from his dietician and dentist, respectively, for phentermine (a form of speed) and opiates, both of which he had consumed. Appellant never produced the prescriptions; he claimed that he had given them to a private investigator, but that person never testified at the hearing.

The trial court found all the allegations to be "true" and adjudicated Appellant guilty of both counts of aggravated assault with a deadly weapon and of the offense of injury to a child. Appellant filed a motion for new trial in each case. In each of the motions, Appellant alleged that he was entitled to a new trial because of "[n]ewly discovered evidence" and because the verdict was "not supported by the law of [sic] evidence." His motions for new trial were deemed denied by operation of law.

## II. *Standard of Review*

The standard of review for a claim of ineffective assistance of counsel is well established. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Under that standard, we look to see whether trial counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.*; *accord Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). The *Strickland* test has two prongs: (1) a performance standard and (2) a prejudice standard. *Strickland*, 466 U.S. at 687.

For the performance standard, the complainant must show that trial counsel's performance was deficient. *Id.* Put another way, the complainant must show that trial counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. For the prejudice standard, the complainant must show that there is a

reasonable probability that the outcome would have differed but for trial counsel's errors. *Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Strickland*, 466 U.S. at 694. Reasonable probability is defined as a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A failure to make a showing under either prong of the *Strickland* test defeats a claim of ineffective assistance of counsel. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

III. *Discussion and Analysis*

On appeal, Appellant contends that he received ineffective assistance of counsel because trial counsel failed to introduce his drug prescriptions for phentermine and opiates into evidence and because his trial counsel failed to object to the community supervision officer's testimony about Appellant's drug test results. As we explain below, we disagree with both of his contentions because Appellant admitted that he used amphetamine and methamphetamine, illegal drugs for which Appellant did not claim to have a prescription.

*A. Record Must Demonstrate Alleged Deficient Performance*

There is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Walker v. State*, 406 S.W.3d 590, 594 (Tex. App.—Eastland 2013, pet. ref'd). To overcome this presumption, an allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). In most cases, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Id.* at 813–14. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771

(Tex. Crim. App. 1994); *Hayden v. State*, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd).

Generally, the record on direct appeal will not be sufficient to show that trial counsel's representation was so lacking as to overcome the presumption of reasonable conduct. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We do not inquire into trial strategy unless no plausible basis exists for trial counsel's actions. *Johnson v. State*, 614 S.W.2d 148, 152 (Tex. Crim. App. [Panel Op.] 1981). If trial counsel has not had an opportunity to explain the challenged actions, then we will not conclude that those actions constituted deficient performance unless they were so outrageous that no competent attorney would have engaged in them. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

*B. Appellant Has Failed to Establish Deficient Performance*

Appellant admitted that he failed to report as required by the conditions of his community supervision in Cause No. 11-15-00048-CR. A single violation of the conditions of community supervision is sufficient cause for revocation. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 5(b), 21(b) (West Supp. 2015); *see Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd). Furthermore, a plea of true alone is sufficient to support a trial court's determination to revoke community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Lockett v. State*, No. 11-10-00085-CR, 2012 WL 2989104, at *2 (Tex. App.—Eastland July 19, 2012, pet. ref'd) (mem. op., not designated for publication). Because Appellant pleaded "true" to the allegations of failure to report in Cause

No. 11-15-00048-CR, the trial court had the discretion to revoke his community supervision in that cause.

Additionally, Appellant signed an admission form acknowledging that he had used "illegal drugs," namely amphetamine and methamphetamine, which violated a condition of his community supervision. There is no evidence that Appellant's signature on the admission form was involuntary. Appellant's admissions were sufficient for the trial court to revoke his community supervision because "in the probation-revocation context, controlled by the lesser, 'preponderance of the evidence' burden of proof, an uncorroborated extrajudicial confession may be sufficient to support revocation." *Hacker v. State*, 389 S.W.3d 860, 866 (Tex. Crim. App. 2013); *see Keelin v. State*, No. 07-13-00420-CR, 2014 WL 3953191, at *2–3 (Tex. App.—Amarillo Aug. 13, 2014, pet. ref'd) (mem. op., not designated for publication).

Appellant claims that trial counsel should have introduced the prescriptions for phentermine and opiates because he signed the admission form because of his consumption of those prescriptions. But those were not the drugs that were the basis for the revocation. Whether he had a prescription for those drugs was irrelevant because the purpose of the hearing was to determine whether his community supervision would be revoked because of the "illegal use" of amphetamine and methamphetamine, not phentermine and opiates.

Appellant contends that "[t]rial counsel obviously saw his own mistakes" and filed motions for new trial in which he alleged the existence of "[n]ewly discovered evidence." But no evidence was described in the motions or attached to them, and the record does not provide what "[n]ewly discovered evidence" trial counsel sought to introduce. Therefore, we cannot hold that trial counsel's performance was deficient; the newly discovered evidence may be irrelevant or may not exist.

Appellant further argues that "trial counsel failed to object to the probation officer's testimony regarding the drug test results, upon confrontation clause and hearsay reasons." Lindy Perrin Parker, Appellant's community supervision officer, testified that Appellant had tested positive for methamphetamine and amphetamine and had entered into, and completed, a Treatment Alternative to Incarceration Program (TAIP). As we previously noted, Appellant admitted that he used amphetamine and methamphetamine "in violation of the terms and conditions of [his] community supervision." After a review of the record, we cannot say that trial counsel's performance was deficient. Therefore, we need not address the prejudice prong. *See Strickland*, 466 U.S. at 687. We overrule Appellant's sole issue in each appeal.

## IV. *This Court's Ruling*

We affirm the judgments of the trial court.


MIKE WILLSON

JUSTICE


June 30, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.